# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL ACTION <br><br> No. 08-1664 |

### MEMORANDUM/ORDER

Plaintiff Charles Harris filed a document captioned as a complaint seeking the return of a vehicle titled in his name, which was declared forfeited by the Drug Enforcement Administration ("DEA") on August 29, 2006. On June 19, 2009, United States Magistrate Judge M. Faith Angell issued a Report and Recommendation ("R&R") recommending that the complaint be construed as a "Motion to Return Property," and, so construed, dismissed. Specifically, Judge Angell recommended holding that "[t]he only remedy available to someone seeking to challenge an administrative forfeiture is a petition to set aside the forfeiture under 18 U.S.C. § 983(e)," and that § 983(e) is inapplicable here because it is only available to a "person . . . entitled to written notice in any nonjudicial civil forfeiture proceeding . . . *who does not receive such notice*," 18 U.S.C. § 983(e)(1) (emphasis added), and Mr. Harris "received notice of the impending forfeiture," R&R at 10.

1

I fully agree with Judge Angell's view that Section 983(e) is the only avenue by which Mr. Harris may challenge his forfeiture. It is not entirely clear to me on the basis of the current record, however, that the government provided timely notice to Mr. Harris. Generally, the government must send notice that property has been seized no later than 60 days after the seizure. *See id.* § 983(a)(1)(A)(i). That period may be extended to 90 days if (1) "the property [was] seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law," *id.* § 983(a)(1)(A)(iv), or (2) "[a] supervisory official in the headquarters office of the seizing agency . . . determines that" "there is reason to believe that notice may have an adverse result," *id.* § 983(a)(1)(B), (D). The statute lists several examples of such "adverse result[s]": (1) "endangering the life or physical safety of an individual," (2) "flight from prosecution," (3) "destruction of or tampering with evidence," (4) "intimidation of potential witnesses," and (5) "otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.* § 983(a)(1)(D)(i)-(v).

In this case, notice was sent to Mr. Harris more than 60 days, but less than 90 days, after the seizure. The declaration provided by the government, however, states only that "[p]ursuant to Title 18, U.S.C., Section 983 (a)(1)(B), the DEA approved a thirty day delay for sending notice of the seizure." Decl. of John Hieronymus, at 2. It does not state either (1) the identity of the individual who approved the delay, or (2) the reason for the approval of the delay. Nor does it aver that state or local officials seized the vehicle in

2

the first instance, although it does state that the seizure was made pursuant to a state search warrant. Accordingly, it is not clear that the requisites to an extension of time for sending notice under § 983(a)(1)(B) were present in this case.

Because this information is not yet present in the record, this 3rd day of March, 2010, it is hereby **ORDERED** that the government shall, no later than twenty (20) days after the date of this Memorandum/Order, file a supplemental memorandum providing (1) the identity of the individual who approved the 30-day extension of notice under 18 U.S.C. § 983(a)(1)(B), and (2) the rationale for that extension.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.