# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES HARRIS,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

CIVIL ACTION

No. 08-1664

## **MEMORANDUM/ORDER**

On August 29, 2008, plaintiff Charles Harris filed a document captioned as a complaint (docket no. 3) seeking the return of a vehicle titled in his name, which had been declared forfeited by the Drug Enforcement Administration ("DEA") in 2006. On June 19, 2009, United States Magistrate Judge M. Faith Angell issued a Report and Recommendation ("R&R") (docket no. 21) recommending that the complaint be construed as a motion to return property, and, so construed, dismissed. Specifically, Judge Angell recommended holding that (1) "[t]he only remedy available to someone seeking to challenge an administrative forfeiture is a petition to set aside the forfeiture under 18 U.S.C. § 983(e)," (2) § 983(e) is inapplicable here because it is only available to a "person . . . entitled to written notice in any nonjudicial civil forfeiture proceeding . . . *who does not receive such notice*," 18 U.S.C. § 983(e)(1) (emphasis added), and (3) Harris "received notice of the impending forfeiture," R&R at 10.

1

On March 3, 2010, this court issued a memorandum and order (docket no. 24) agreeing with Judge Angell's view that § 983(e) is the only avenue by which Harris may challenge his forfeiture, but ordering additional briefing on the question of whether or not the government provided timely notice to Harris. Specifically, I noted that while the government must generally send notice that property has been seized no later than 60 days after the seizure, *see* 18 U.S.C. § 983(a)(1)(A)(i), that period may be extended to 90 days if "[a] supervisory official in the headquarters office of the seizing agency . . . determines that" "there is reason to believe that notice may have an adverse result," *id.* §§ 983(a)(1)(B) & (D). Because notice was sent to Harris more than 60 days, but less than 90 days, after the seizure, and because it was not clear on the existing record that an extension of the 60-day notice period was proper, this court ordered the government to file a supplemental memorandum providing (1) the identity of the individual who approved the 30-day extension of notice under 18 U.S.C. § 983(a)(1)(B), and (2) the rationale for that extension.

On March 15, 2010, the government filed a supplemental brief (docket no. 25) stating that (1) John Hieronymous, the forfeiture counsel for the DEA, "personally approved the extension," Supp. Mem. at 2, and (2) he did so "based on his informed conclusion that notification may have seriously jeopardized an ongoing investigation," *id.* at 3. Attached to the government's memorandum is a declaration by Hieronymous, which states, among other things, that (1) he "supervise[s] twelve attorneys and three

support staff," (2) "[o]ne of [his] responsibilities as the Forfeiture Counsel is to review requests made by the DEA field offices to extend" the notification period, (3) he sometimes denies these requests, and (4) he "reviewed the written request that was made by a DEA Special Agent" in this case and concluded "that the sending of notice could seriously jeopardize an investigation." Hieronymous Decl. ¶¶ 1-4. On April 20, 2010, plaintiff filed a *pro se* response (docket no. 26) arguing that Hieronymous is not a supervisory official within the meaning of the statute and that the declaration includes insufficient information from which to conclude that the extension was made in a timely and appropriate manner.

The government's submission is sufficient to show that Hieronymous is a "supervisory official in the headquarters office of the" DEA. Specifically, the declaration reveals that, as forfeiture counsel, Hieronymous works at DEA headquarters, has a staff of fifteen, and "supervise[s] and monitor[s] the forfeiture activities of the DEA field offices." Hieronymous Decl. ¶ 1. I thus conclude that he is a "supervisory official" for purposes of § 983. *See United States v. $140,000 in U.S. Currency*, No. 06-cv-3247, 2007 WL 2261650, at *3 (E.D.N.Y. Aug. 2, 2007) (reaching the same conclusion).

The declaration further states that Hieronymous "determined that" one of "the conditions in [§ 983(a)(1)(D) was] present" – namely, that sending notice within the sixty-day period could "seriously jeopardiz[e] an investigation." 18 U.S.C. § 983(a)(1)(D)(v). Specifically, Hieronymous's review of materials provided "by a DEA

3

Special Agent" led him to determine "that the sending of notice could seriously jeopardize an investigation." Hieronymous Decl. ¶ 4. Hieronymous, in other words, made precisely the determination required by the statute as a prerequisite to extending the notice period.[1]

Because both prongs of the statutory requirement for extending the notice period were met in this case, I accordingly conclude that Harris timely received notice of the forfeiture. His challenge under § 983 is therefore without merit.

**AND NOW**, this 7th day of June, 2010, it is hereby **ORDERED** as follows:

(1) The Report and Recommendation of United States Magistrate Judge M. Faith Angell (docket no. 22) is **APPROVED AND ADOPTED** as supplemented by the foregoing memorandum; and

(2) Petitioner's complaint (docket no. 3), construed as a motion to set aside a forfeiture pursuant to 18 U.S.C. § 983(a)(1), is **DENIED**.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.

---

[1] Moreover, while Harris is correct that the declaration does not specify the date Hieronymous made the determination, the government's memorandum, which this court has no reason to disbelieve, represents that the request for a delay was made before the expiration of the general 60-day notice deadline.